NOT FOR PUBLICATION (Doc. No. 104)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| SANDRA GEISS, et al., | : | |
| Plaintiffs, | : | Civil No. 09-2208 (RBK/KMW) |
| v. | : | **OPINION** |
| TARGET CORPORATION, et al, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter is before the Court upon Defendant Target Corporation's ("Target" or "Defendant") motion for costs pursuant to Federal Rule of Civil Procedure 68(d). (Doc. No. 104.) For the reasons discussed herein, Defendant's motion is **GRANTED WITH MODIFICATION**.

**I.    BACKGROUND**

On or about July 25, 2014, Defendant served Plaintiff Sandra Geiss ("Plaintiff") an "Offer of Judgment" pursuant to Rule 68 in the amount of $55,000, which Plaintiff did not accept. (Ex. B to Def.'s Br., "Offer of Judgment.") The offer was erroneously filed with the Court on the same date. (Doc. No. 81.) The matter proceeded to trial before this Court on October 6, 2014. Judgment was entered against Defendant and the jury awarded Plaintiff $5,000. (Doc. No. 103.) Defendant now seeks reimbursement of costs incurred by Target after the date that the offer was made, pursuant to Rule 68(d).

## II. DISCUSSION

Rule 68(a) allows a party defending against a claim to serve an offer to allow judgment at least 14 days before the trial date. If the served party accepts the offer, on written notice, the offer is to be filed and judgment entered. Fed. R. Civ. P. 68(a). Rule 68(d) requires that the offeree pay the costs incurred after the offer was made if the judgment that the offeree obtains is not more favorable than the unaccepted offer. The costs which are subject to Rule 68 are set forth in 28 U.S.C. § 1920, unless substantive law applicable to the cause of action allows for additional costs. See Perri v. Resorts Int'l Hotel, Inc., Civ. No. 10-4489, 2014 WL 201520, at *2 (D.N.J. Jan. 16, 2014) (citing Phillips v. Bartoo, 161 F.R.D. 352, 354 (N.D. Ill. 1995)). Section 1920 allows for the recovery of the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff argues that the offer "never actually 'existed'" because it was never properly filed with the Court. Pl.'s Br. 2. She further contends that Defendant's application should be denied because Plaintiff's Medicare lien totaling $87,254 made it impossible for her to accept the offer of $55,000.

Target seeks $2,104.45 in Rule 68 costs, which it has itemized in a Bill of Costs. See Ex. C to Def.'s Br., "Bill of Costs." Plaintiff argues that in the event the Court awards any

reimbursement to Defendant, the amount should be lowered because the costs were either incurred before the offer was made, or they were unnecessary.

### A. Validity of Offer

This Court finds that Defendant's offer of judgment was valid. Firstly, Rule 68 does not require that the offer be filed; the rule only requires that the offer be served on an opposing party, and it may be filed <u>upon acceptance</u>. Fed. R. Civ. P. 68(a) (emphasis added); <u>see also</u> <u>Bechtol v. Marsh & McLennan Cos., Inc.</u>, No. C07-1246, 2008 WL 2074046, at *2 (W.D. Wash. May 14, 2008) (finding that a premature filing of an offer of judgment does not preclude the effect of Rule 68). Defendant properly served the offer on Plaintiff. <u>See</u> Ex. B to Def.'s Br. Therefore, Plaintiff's argument as to the offer's validity is without merit.[1]

Secondly, reimbursement under Rule 68(d) is contingent only upon the judgment obtained by the plaintiff being less favorable than the unaccepted offer.[2] "[T]he plain language of the Rule makes it unnecessary to read a reasonableness requirement into the Rule." <u>Delta Air Lines, Inc. v. August</u>, 450 U.S. 346, 355 (1981). Thus, Plaintiff's second argument must also fail.

### B. Reimbursement of Costs

"[N]ecessity is indeed the proper standard for determining whether a cost is taxable" under 28 U.S.C. § 1920. <u>Pirito v. Penn Eng'g World Holdings</u>, 833 F. Supp. 2d 455, 479 (E.D.

---

[1] The Court notes that Defendant's offer specified that it was "exclusive of interest/pre-judgment interest and exclusive of costs." <u>See</u> "Offer of Judgment." In <u>Marek v. Chesny</u>, 473 U.S. 1, 7 (1985), the Supreme Court stated that "[a]s long as the offer does not implicitly or explicitly provide that the judgment <u>not</u> include costs, a timely offer will be valid." (emphasis in original). Nevertheless, Plaintiff does not question the validity of the offer in this regard, and so neither will the Court.

[2] Plaintiff does not argue that the judgment obtained was not less favorable than the offer. In a case for monetary damages such as this one, the proper comparison is between the offer and the sum of the damages awarded and the plaintiff's pre-offer costs. <u>See</u> <u>Marek</u>, 473 U.S. at 7. Because Plaintiff does not argue otherwise, the Court assumes that the offer was more favorable than the relief obtained.

Pa. 2011) (internal quotations omitted).  Section 1920 by its very terms provides that a party is entitled to recover fees that are "<u>necessarily</u> obtained for use in the case."  28 U.S.C. § 1920(2) & (4) (emphasis added).  A district court has discretion to determine whether such costs are necessary, and it may find necessity even where materials or services are ultimately not used to resolve the matter.  See <u>In re Williams Sec. Litig. – WCG Subclass</u>, 558 F.3d 1144, 1148 (10th Cir. 2009).  Local Rule 54.1 is instructive in determining to which costs a party is entitled, although its provisions "do not expressly limit the Court's discretion pursuant to § 1920." <u>Thabault v. Chait</u>, Civ. No. 85-2441, 2009 WL 69332, at *3 (D.N.J. Jan. 7, 2009).

Plaintiff objects to every single item included in Defendant's Bill of Costs.  As such, a discussion of each item follows.

### 1. Fees for exemplification under § 1920(4)

Defendant seeks fees for the enlargement and mounting of Plaintiff's medical records and charts and diagrams used at trial that were admitted into evidence.  It also seeks reimbursement for a sum paid to rent a medical exhibit entitled "Endotrachael Intubation," and other "demonstrative/visual aids" used at trial by defense expert, Dr. Stephen Smith.  While some courts have held that the costs of demonstrative materials which are used only to illustrate expert testimony are normally not taxable, <u>see, e.g.</u>, <u>Guevara v. Onyewu</u>, 943 F. Supp. 2d 192, 197 (D.D.C. 2013), courts in this district generally hold that taxation of reasonable costs of visual aids is allowable when such aids are admitted into evidence.  See <u>Romero v. CSX Transp., Inc.</u>, 270 F.R.D. 199, 204-05 (D.N.J. 2010) (allowing for costs of all visual aids, even where some were not admitted into evidence); <u>see also</u> L. Civ. R. 54.1(g)(10) ("The reasonable expense of preparing visual aids . . . is taxable as costs when such visual aids are admitted into evidence.")  Here, Defendant has represented to this Court that the medical records and medical exhibit were

admitted into evidence at trial, and therefore this Court will allow Defendant to recover $324.56 and $80.25, respectively, for these items. However, this Court declines to award Defendant the cost of creating the visual aids that were used only for demonstrative purposes by Dr. Smith during trial.

### 2. Fees for copies and reproductions under § 1920(4)

Defendant's application to recover the costs of copies of Plaintiff's medical records from Virtua Hospital, Dr. George Chatyrka, and Dr. Scott Schoifet will be denied. Local Rule 54.1(g)(9) provides that "fees for exemplification and copies of papers are taxable when (A) the documents are admitted into evidence . . . and (B) they are in lieu of originals which are not introduced at the request of opposing counsel." The aforementioned medical records had previously been received by Defendants from Plaintiff. The Court is not satisfied with Defendant's contention that fresh copies were necessary because the originals were "highlighted, tabbed, etc.," Def.'s Reply Br. 4, and therefore finds the costs unnecessary. See Lin v. Tsuru of Bernards, LLC, Civ. No. 10-2400, 2011 WL 2680577, at *5 (D.N.J. July 8, 2011) (denying costs of copying where party entitled to costs made no showing that copies were not submitted for the convenience of offering counsel); see also Romero, 270 F.R.D. at 204 (disallowing entire amount of copying costs sought because prevailing party failed to demonstrate that costs were taxable under governing rule).

The Court will grant Defendant the costs incurred for the reproduction of X-ray films and MRI films intended for use at trial, in the amounts of $35.00 and $60.00, respectively. Plaintiff objects to these costs because the reproductions were not used at trial. Despite Local Rule 54.1(g)(9), § 1920(4) only requires that such reproductions be "necessarily obtained for use in the case"; they need not necessarily be used at trial. (emphasis added). See Thabault, 2009 WL

69332, at *3 ("[W]here the provisions of the Local Rule grant less authority than allowed by § 1920, this Court will exercise its discretion to tax costs consistent with the statute where appropriate.")  In order to properly prepare for a case, it is not uncommon for an attorney to obtain records which are ultimately not introduced at trial for one reason or another.  Costs are therefore taxable under this provision even if the materials are not offered into evidence at trial.  See Boyadjian v. CIGNA Cos., 994 F. Supp. 278, 280 (D.N.J. 1998); Thabault, 2009 WL 69332, at *14 (citing Hurley v. Atlantic City Police Dep't, Civ. Nos. 93-260, 94-1122, 1996 WL 549298, at *3 (D.N.J. Sept. 17, 1996)).

Finally, Defendant will be reimbursed for the costs of copying pre-trial motions for service upon Plaintiff and the Court, in compliance with L. Civ. R. 7.1(g), in the amount of $310.40.

### 3. Witness fees under § 1920(3)

Defendant seeks a reimbursement of $40.00 for the attendance of its expert, Dr. Stephen Smith, at trial.  28 U.S.C. § 1821(b) limits the witness fees authorized by § 1920 to "an attendance fee of $40 per day for each day's attendance."  Witness fees paid to experts are taxable only to the same extent as any other fact witness.  Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 439 (1987).  Thus, Defendant is entitled to recover $40.00 for the attendance of Dr. Smith at trial.

Defendant also seeks reimbursement for the sum paid for service of a subpoena on Dr. Peter Lee to appear at trial.  Plaintiff objects because Dr. Lee was never actually called as a witness by the defense.  Although not expressly included in § 1821, courts in this district have held that the cost of serving subpoenas to secure the appearances of witnesses is taxable where "actually and necessarily" incurred.  See Ricoh Corp. v. Pitney Bowes Inc., Civ. No. 02-5639,

2007 WL 1852553, at *3 (D.N.J. June 26, 2007).  However, as Dr. Lee did not appear at trial, this Court finds that the cost of the subpoena was not necessary, and Defendant is not entitled to reimbursement for this cost.  See Kakeh v. United Planning Org., 657 F. Supp. 2d 15, 18 (D.D.C. 2009) (denying the cost of serving a subpoena to a witness who did not testify at trial).

### 4. Costs related to the deposition of Dr. Barry Gleimer

Defendant requests reimbursement for the costs of transcription and video of the deposition of Dr. Barry Gleimer, which were used to file its motion in limine to redact the video and transcript.  However, as Plaintiff notes, the invoices for these services indicate that the costs were incurred before the offer was made, and Defendant presents no evidence to the contrary.  Therefore, Defendant is not entitled to costs related to the deposition.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for reimbursement of costs pursuant to Fed. R. Civ. P. 68(d) is **GRANTED WITH MODIFICATION**.  Consistent with the Court's conclusions detailed in this Opinion, the Court finds that Plaintiff must reimburse Defendant in the amount of **$850.21**.  An appropriate Order shall issue.

Dated: 4/10/2015

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge