NOT FOR PUBLICATION (Doc. No. 109)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Sandra GEISS and Robert GEISS (h/w), | |
| Plaintiffs, | Civil No. 09-2208 (RBK) |
| v. | **OPINION** |
| TARGET CORPORATION and/or TARGET CORPORATION OF MINNESOTA, JOHN DOES 1-5 (fictitious Persons) and ABC CORPS 1-5 (fictitious corporations), | |
| Defendants. | |

**KUGLER,** United States District Judge.

This action comes before the Court on Sandra Geiss and Robert Geiss's ("Plaintiffs") Motion for Prejudgment and Post-Judgment Interest (Doc. No. 109) to alter or amend the jury's verdict to include prejudgment interest pursuant to Federal Rule of Civil Procedure 59 and for post-judgment interest pursuant to 28 U.S.C. § 1961. For the following reasons, Plaintiffs' Motion for Prejudgment Interest is **DENIED**, and Plaintiffs' motion for Post-Judgment Interest is **GRANTED**.

## I.   BACKGROUND

On July 25, 2007, Plaintiff Sandra Geiss suffered personal injury caused by a trip and fall entering Target Store #1158, located at 2703 Route 541, City of Burlington, Burlington County, New Jersey. Motion ¶ 1-2. On March 30, 2009, Plaintiffs filed a Civil Complaint in the Superior Court of New Jersey, Civil Part, Burlington County, against Target Corporation and

1

Target Corporation of Minnesota ("Defendants"). *Id.* ¶ 3. This matter was removed to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). *Id.* ¶ 4. After a jury trial, on October 9, 2014 the jury returned a verdict in favor of Plaintiffs in the amount of $5,000.00. *Id.* ¶ 7-9. The court also entered final judgment on the matter on this date. *Id.* ¶ 8.

Plaintiffs indicate that they have not yet received payment of the $5,000 judgment from Defendants.[1] *Id.* ¶ 9. On April 10, 2015, the Court granted Defendants' motion for costs pursuant to Federal Rule of Civil Procedure 68(d) in the amount of $850.21. *Id.* ¶ 10. Plaintiffs now move for prejudgment and post-judgment interest.

## II.   DISCUSSION

### a.   Prejudgment Interest

"[F]ederal courts in diversity cases should apply state law with respect to prejudgment interest . . . ." *Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982). *See also Meyer v. CUNA Mut. Ins. Soc.*, 648 F.3d 154, 162 (3d Cir. 2011) ("The court's decision to award prejudgment interest in an action based on diversity of citizenship is a question of state law."). The Supreme Court of New Jersey has indicated with regard to New Jersey law that "prejudgment interest in a tort action is expressly governed by R. 4:42–11(b) . . . ." *Litton Indus., Inc. v. IMO Indus., Inc.*, 200 N.J. 372, 390 (2009). N.J. Court Rule 4:42-11(b) states:

> [T]he court shall, in tort actions . . . include in the judgment simple interest . . . from the date of the institution of the action or from a date 6 months after the date the cause of action arises, whichever is later . . . provided that in exceptional cases the court may suspend the running of such prejudgment interest.

The Third Circuit has stated that "because the award of prejudgment interest under New Jersey Civil Practice Rule 4:42-11(b) is discretionary," a motion seeking prejudgment interest

---

[1] Defendants have not disputed the alleged nonpayment of the $5,000 judgment.

constitutes a Federal Rule of Civil Procedure 59(e) motion rather than a Rule 60(a) motion. *Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 747 (3d Cir. 1990). *See also Winters v. Patel*, 154 F. App'x 299, 304 (3d Cir. 2005) ("[M]otions for prejudgment interest under New Jersey law are properly characterized as Rule 59(e) motions to alter or amend judgment") (citing *Keith*, 909 F.2d at 746-47).[2]

Federal Rule of Civil Procedure 59(e) states, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." This Court entered judgment on October 9, 2014. However, this motion was not filed until May 1, 2015. The time limit of 28 days has long since passed. Failure to comply with the time limit of Rule 59(e) compels denial of the motion. *Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185, 1192 (3d Cir. 1979). Therefore, Plaintiffs' motion for prejudgment interest is **DENIED**.

### b. Post-Judgment Interest

Post-judgment interest in federal court is governed by 28 U.S.C. § 1961, even in matters arising under diversity jurisdiction. *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). The Third Circuit has further noted that the language of Section 1961(a) indicates that post-judgment interest is mandatory. *Dunn v. HOVIC*, 13 F.3d 58, 60 (3d Cir. 1993). Post-judgment interest runs from the date of the entry of the judgment. *Kaiser Aluminum*

---

[2] New Jersey courts have used conflicting language with regard to whether 4:42-11(b) is mandatory or discretionary in tort actions. *See Cnty. of Essex v. First Union Nat. Bank*, 186 N.J. 46, 61 (2006) ("The allowance of prejudgment interest is a matter of discretion for the trial court."); *but cf. Cheesequake Realty, L.L.C. v. Finkelstein*, No. A-1877-08T3, 2010 WL 2991000, at *6 (N.J. Super. Ct. App. Div. July 28, 2010) ("A claim of unjust enrichment is not a tort action in which prejudgment interest is mandatory, R. 4:42-11(b) . . ."). However, as noted, the Third Circuit has held that R. 4:42-11(b) prejudgment interest falls under the purview of Federal Rule of Civil Procedure 59(e). Furthermore, Plaintiffs themselves cite F.R.C.P. 59(e) as the applicable rule for prejudgment interest in this matter. Motion ¶ 11.

*& Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990).[3]  Thus, this interest is to be computed daily until the judgment is paid in full.  *See Savitsky v. Mazzella*, 318 F. App'x 131, 133 (3d Cir. 2009).

Pursuant to 28 U.S.C. § 1961(a), the rate from the Board of Governors for the calendar week of October 3, 2014 (the calendar week preceding the October 9, 2014 date of judgment) was .11%.  Motion ¶ 15; Ex. 1.  Plaintiff is thus entitled to interest at this rate, which results in $0.02 per day,[4] from October 9, 2014 (the date of the entry of the judgment) until the full amount of the judgment is paid.[5]

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Prejudgment Interest is **DENIED,** and Plaintiffs' Motion for Post-Judgment Interest is **GRANTED**.

Dated:   09/08/2015                                                                             s/ Robert B. Kugler

                                                                                                ROBERT B. KUGLER

                                                                                                United States District Judge

---

[3] Section 1961(a) states with regard to post-judgment interest, that "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  Section 1961(b) states, "Interest shall be computed daily to the date of payment . . . ."

[4] Multiplying the .11% rate by the $5,000 judgment results in a figure of $5.50 interest per year.  Pursuant to 28 U.S.C. § 1961(b), dividing $5.50 by 365 days, rounded to the nearest hundredth results in a figure of $0.02 interest per day.

[5] Plaintiff multiplied the $0.02 interest per day by a figure of 193 days that had "passed from the date of judgment until the date of payment" to reach a final figure of $3.86 in post-judgment interest.  *Id.* ¶ 20-21.  However, it is unclear why Plaintiff calculated the figure of 193 days, because post-judgment interest runs until the date that the full payment of the judgment is made.  *Savitsky*, 318 F. App'x at 133.  Plaintiff states, "[t]o date, 193 days had passed from the date of the judgment until the date of payment."  Motion  ¶ 20.  However, Plaintiff also argues that Defendants have yet to pay the $5,000 of the judgment.  *Id.* ¶ 9.  Plaintiff is thus entitled to daily computation of interest at the .11% rate until Defendants pay the full amount of the judgment.